```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AMOS BROWN, III,                    :    CIVIL ACTION
                                    :    NO. 12-4827
          Plaintiff,                :
                                    :
     v.                             :
                                    :
HAHNEMANN UNIVERSITY HOSPITAL,      :
                                    :
          Defendant.                :
```

**O R D E R**

**AND NOW**, this **21st** day of **May, 2014**, for the reasons set forth in the accompanying memorandum, it is hereby **ORDERED** as follows:

1. Defendant's Motion for Summary Judgment (ECF No. 26) is **GRANTED**;

2. Plaintiff's Motion for Summary Judgment (ECF No. 33) is **DENIED**;

3. Plaintiff's Motion for the Appointment of Counsel (ECF No. 39) is **DENIED**;[1] and

---

[1] Although "[i]ndigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel," Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002), district courts have the authority to "request" appointed counsel for such litigants. See 28 U.S.C. § 1915(e)(1) (providing that "[t]he court may request an attorney to represent any person unable to afford counsel"). In determining whether to request appointed counsel, district courts are instructed to first assess "the merits of a plaintiff's claim as a threshold matter," and then consider the following additional factors: (1) plaintiff's ability to present his case; (2) the difficulty of the legal issues; (3) the degree to which factual investigation will be necessary and plaintiff's ability to pursue investigation; (4) plaintiff's capacity to retain counsel on

      4. Plaintiff's Motion for the Appointment of a Private

          Investigator (ECF No. 37) is **DENIED as moot.**

The clerk shall mark the case **CLOSED.**


    **AND IT IS SO ORDERED.**


               /s/ Eduardo C. Robreno
               **EDUARDO C. ROBRENO,    J.**

---

his own behalf; (5) the extent to which the case will turn on credibility determinations; and (6) whether the case will require testimony from an expert witness. Powell v. Symons, 608 F.3d 301, 308 n.5 (3d Cir. 2012) (citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)). In Tabron, the Third Circuit emphasized the importance of the threshold consideration of the merits of a plaintiff's claim, noting that "[t]he appointment of counsel should be given serious consideration" only if the claim is not frivolous or malicious and "the pleadings state a prima facie case." 6 F.3d at 155 (quoting Rayes v. Johnson, 969 F.2d 700, 703 (8th Cir. 1992)).

    As explained in the accompanying memorandum, Plaintiff here has not stated a prima facie case of medical malpractice. Because he has elected to proceed without seeking expert testimony, Plaintiff cannot – as a matter of law – succeed on his claim. Moreover, even if Plaintiff had attempted to obtain expert testimony, his claim is still highly unlikely to succeed; all of the medical evidence submitted to the Court demonstrates that Plaintiff did not experience redness, swelling, or infection as a result of the misplaced IV. Plaintiff is therefore unlikely to be able to establish a causal relationship between any negligence on the part of Defendant and an injury-in-fact that he incurred. Accordingly, as Plaintiff's underlying claim does not appear to have any merit, the Court will deny Plaintiff's request for appointed counsel. See Tabron, 6 F.3d at 155 ("[B]efore the court is justified in exercising its discretion in favor of appointment, it must first appear that the claim has some merit in fact and law." (alteration in original)).